22062

Brian Paul SANDERS, Appellant, v. STATE of South Carolina, Respondent.
(314 S. E. (2d) 319)

Supreme Court

*Dale T. Cobb, Jr.,* of *Belk, Howard and Cobb,* Charleston Heights, and *John D. Elliott,* Columbia, *as Guardian ad Litem, for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Larry L. Vanderbilt* and *Donald J. Zelenka,* Columbia, *for respondent.*

Submitted Feb. 21, 1984.

Decided March 21, 1984.

HARWELL, Justice:

Brian Paul Sanders appeals from a denial of post-conviction relief. We affirm.

Appellant was arrested at the age of thirteen and charged with two counts of murder and two counts of assault and battery with intent to kill. A transfer hearing was held in the family court pursuant to S. C. Code Ann. § 20-7-430(6) and Family Court Rule 41. The judge determined that the appellant should be bound over to General Sessions Court for disposition of the two counts of murder.

In General Sessions Court, the appellant pled guilty to two counts of voluntary manslaughter. The trial judge sentenced him to two consecutive thirty year terms. The appellant's application for post-conviction relief was denied.

Appellant alleges error in the denial of post-conviction relief. We find no error under our standard of review in these cases. "Any evidence" of probative value to support the court's finding of facts is sufficient to uphold those findings on appeal. *Griffin v. Warden,* 277 S. C. 288, 286 S. E. (2d) 145 (1982), cert. denied, ____ U. S. ____ , 103 S. Ct. 255, 74 L. Ed. (2d) 199 (1982).

Appellant asserts that his court-appointed attorney provided him ineffective assistance of counsel by his failure to preserve an objection to the transfer. We agree with the post-conviction hearing judge that trial coun-

sel's failure to except in the record, in order to secure his right to appeal,[1] did not render his assistance ineffective.

However, since the objection was not properly preserved, respondent asserts that this Court cannot consider the propriety of transfer. We disagree and shall review the transfer record under *White v. State*, 263 S. C. 110, 208 S. E. (2d) 35 (1974). Appellant could not have untimely appealed the transfer alone. However, his appeal from the denial of post-conviction relief is properly before this Court. Furthermore, appellant did not knowingly and intelligently waive his right to appeal the transfer order. *See Bonnette v. State*, 277 S. C. 17, 282 S. E. (2d) 597 (1981). Nevertheless, a *White v. State* review reveals that the family court judge did not abuse his discretion in transferring the case.

The jurisdiction of the family court over juveniles is a privilege rather than a matter of right. The best interests of the public or of the juvenile may require that the juvenile be held accountable as an adult for his criminal conduct. *In the interest of Shaw*, 274 S. C. 534, 265 S. E. (2d) 522 (1980). The serious nature of the offense is a major factor in the transfer decision. *State v. Wright*, 269 S. C. 414, 237 S. E. (2d) 764 (1977). Here, the appellant was charged with two counts of murder. Had the case remained in family court, the maximum sentence appellant could have received was an indeterminate period of confinement not to extend past his twenty-first birthday. The circuit court could, in contrast, impose an adult term sentence. We conclude that the family court judge did not abuse his discretion in binding appellant over to circuit court.

We have considered appellant's remaining arguments and find ample evidence to support the post-conviction court's denial of relief.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.

---

[1] A family court order transferring jurisdiction over a defendant to the Court of General Sessions is interlocutory and not subject to immediate appeal to this Court. *State v. Lockhart*, 275 S. C. 160, 267 S. E. (2d) 720 (1980).