22909

Raymond FRETT, Petitioner v. STATE of South Carolina, Respondent.
(378 S. E. (2d) 249)

Supreme Court

*Asst. Appellate Defender D. Mark Stokes*, of *S. C. Office of Appellate Defense*, Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock* and *Chief Deputy Atty. Gen. Donald J. Zelenka*, Columbia, *for respondent.*

Submitted June 9, 1988.

Decided Sept. 26, 1988.

FINNEY, Justice:

Petitioner Raymond Frett was convicted of possession of heroin, possession of heroin with intent to distribute, trafficking in heroin, and possession of marijuana. Frett was sentenced to concurrent prison terms of three years for possession of heroin, thirty (30) years for possession of heroin with intent to distribute, thirty-one (31) years for trafficking in heroin, and one year for possession of marijuana. Frett's convictions and sentences were affirmed upon direct appeal to this Court. *See State v. Frett*, Op. No. 83-MO-208 (filed September 7, 1983). Frett now appeals the denial of his petition for writ of habeas corpus. We reverse the circuit court's decision and remand this case for a new trial.

On March 10, 1986, Frett made a *pro se* application for post conviction relief, and a hearing was held on November 6, 1986. Frett alleges that his trial attorney, John Alexander Gaines,[1] did not provide him with effective assistance of counsel because Attorney Gaines, *inter alia*, failed to timely request a preliminary hearing, was not aware of the scheduled time or date of trial, slept during the trial, failed to interview or call certain witnesses on behalf of the defense, and failed to move to require the state to elect. Moreover, the record reveals that Frett filed a habeas corpus action in federal court in which Attorney Gaines submitted an affidavit to the court admitting ineffective representation.

Frett argues that Gaines' failure to subject the prosecution's case to a meaningful adversarial testing resulted in a denial of petitioner's Sixth and Fourteenth Amendment rights.

Examination of a defendant's claim that his counsel was ineffective requires this court to distinguish between two classifications of ineffective assistance of counsel cases. The first class involves actual or constructive denial of counsel resulting from governmental interference or a detrimental conflict of interest that prevents counsel from subjecting

---

[1] In August 1987, Mr. Gaines was indefinitely suspended for actions which "reflect a pattern of unprofessional conduct and demonstrate his present unfitness to practice law." *Matter of Gaines*, 293 S. C. 314, 360 S. E. (2d) 313, 314 (1987). In 1983, he received a public reprimand for neglecting a legal matter entrusted to him and handling a legal matter without adequate preparation. *Matter of Gaines*, 279 S. C. 531, 309 S. E. (2d) 5 (1983).

the state's case to a meaningful adversarial test. *See U. S. v. Cronic,* 466 U. S. 648, 659, 104 S. Ct. 2039, 2047, 80 L. Ed. (2d) 657 (1984).

Petitioner argues that his case comes within the first class because trial counsel failed to subject the state's case to meaningful adversarial testing, thereby justifying a presumption that counsel was ineffective. *See U. S. v. Cronic, supra.* Where circumstances surrounding a criminal trial indicate a lack of meaningful adversarial testing, prejudice is presumed and it is unnecessary to inquire into counsel's actual performance. *U. S. v. Cronic, supra.* However, prejudice will be presumed where there is a denial of counsel due to government interference or the existence of a detrimental conflict of interest. *Strickland v. Washington,* 466 U. S. 668, 692, 104 S. Ct. 2052, 2067, 80 L. Ed. (2d) 674 (1984).

We find that trial counsel's alleged delicts do not involve government interference or amount to a conflict of interest claim which would give rise to a presumption of prejudice. Furthermore, petitioner does not assert the existence of circumstances beyond the trial counsel's control which prevented counsel from rendering adequate assistance.

The second type of ineffective assistance of counsel claim involves counsel's failure to render reasonable legal assistance. *Strickland v. Washington, supra.* In *U. S. v. Cronic, supra,* the United States Supreme Court held that the Constitution guarantees a criminal defendant the right to be represented by counsel and that such right is a fundamental component of our criminal justice system. *See also* South Carolina Constitution, Article I, Section 14 (1977); *Butler v. State,* 286 S. C. 441, 334 S. E. (2d) 813 (1985). The constitutional right to counsel is a critical element of the adversarial system in producing just results. *Strickland v. Washington, supra.* Namely, partisan advocacy on both sides of a case by effective counsel will promote the objective that only the guilty be punished. *U. S. v. Cronic,* 466 U. S. at 655, 104 S. Ct. at 2046-7.

Having determined that petitioner's case does not fall within the first category, we now examine petitioner's claim of ineffective assistance of counsel within the context of the second category. An individual asserting that counsel failed to render reasonable legal assistance must affirmatively

show that the performance of counsel was deficient and that the deficient performance prejudiced his case. *Strickland v. Washington supra; Butler v. State*, 286 S. C. 441, 334 S. E. (2d) 813 (1985). Petitioner argues that counsel's deficient performance is evidenced by counsel's failure to request a preliminary hearing, failure to ascertain the term of court in which petitioner was to be tried, being unaware of all the pending charges, and lack of preparedness. It is not necessary that this court examine each of petitioner's allegations in ascertaining whether trial counsel was deficient. Trial counsel admitted his own ineffectiveness by affidavit, which is amply supported by the record. We conclude that petitioner's trial counsel was deficient as well as derelict in his duties.

Petitioner argues that trial counsel's ineffectiveness prejudiced his case, which would satisfy the second prong of the analysis under *Strickland.* The prejudice requirement is satisfied by demonstrating that but for trial counsel's ineffectiveness, a defendant's trial, but not necessarily its outcome, would have been altered in a way helpful to him. *See, e.g., Praylow v. Martin*, 761 F. (2d) 179 (4th Cir. 1985), *cert. denied*, 474 U. S. 1009, 106 S. Ct. 535, 88 L. Ed. (2d) 466 (1985). While a defendant must ordinarily show that counsel's ineffective assistance resulted in actual prejudice, such a showing may be exempted where counsel's ineffectiveness is so pervasive as to render a particularized prejudice inquiry unnecessary. *See House v. Balkcom*, 725 F. (2d) 608 (11th Cir. 1984).

Accordingly, we reverse the decision of the trial court and remand this case for a new trial.

Reversed and remanded.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.