2258

Holman C. GOSSETT, Jr., as Solicitor, Seventh Judicial Circuit, Respondent
v. James Boyd GILLIAM and a 1985 Ford Bronco, Blue in Color, VIN:
1FMDU15N4FLA20187, Appellant.

(452 S.E. (2d) 6)

Court of Appeals

*Wade S. Weatherford, III*, Gaffney, *for appellant.*

*Assistant Sol. Robin C. File*, Spartanburg, *for respondent.*

Submitted Oct. 4, 1994.

Decided Nov. 28, 1994; Reh. Den. Jan. 10, 1995.

CURETON, Judge:

In this forfeiture action, James Gilliam appeals from the trial court's order finding him in default and denying his demand for a jury trial. On appeal, Gilliam excepts to the entry of a default judgment against him asserting that as an incarcerated civil defendant, he was entitled either to have a guardian ad litem appointed or to personally appear at trial to testify. We affirm.

Gilliam plead guilty to trafficking in marijuana and to other charges in November 1992. On March 8, 1993 a summons and complaint for forfeiture of Gilliam's 1985 Ford Bronco was served on Gilliam at Kirkland Correctional Institution. Neither party applied for the appointment of a guardian ad litem, and the court did not appoint one on its own motion. Gilliam was not represented by an attorney, and did not within the requisite period respond to the forfeiture complaint. The State then filed a motion for default on April 30, 1993. On June 21, 1993, the day of the default hearing, Gilliam, having then retained counsel, moved to quash the service of the summons and complaint because no guardian ad litem had been appointed for him. At the hearing, the court held SCRCP 17(c) allows but does not require the appointment of a guardian for a prisoner incarcerated in South Carolina. The court further held Gilliam was in default, but ordered another hearing so that Gilliam could be present.[1] On August 24, 1993, Gilliam requested a jury trial.

On October 18, 1993, the second default hearing was held with Gilliam and his attorney present. At the hearing, the court concluded Gilliam was properly served with the forfeiture summons and complaint and was in default. The court then denied Gilliam's request for a jury trial.

Gilliam contends that, pursuant to Rule 17(c), SCRCP, a prisoner in South Carolina is entitled either to the appoint-

---

[1] Importantly, the court ruled "It was conceded that if service was in fact proper, the defendant is in default, since no answer or other responsive pleading was filed." Nevertheless, and in spite of this concession, the court ordered a hearing on the default.

ment of a guardian ad litem or to be personally brought to court to testify before a judgment may be entered against him in a civil action.[2] Because no guardian ad litem was appointed and he did not testify, Gilliam argues he could not be held in default. Gilliam also contends the trial court's ruling that he was not entitled to a jury trial was erroneous.

Rule 17(c) provides in relevant part that if a party is imprisoned in this State, "the court may, in its discretion appoint a guardian ad litem or order [the party] to be brought personally to the trial to testify in accordance with Rule 43(a)." Rule 17(d)(4) provides: "The guardian ad litem for an imprisoned person shall be appointed upon application of such person or of a relative or friend." Also Rule 17(d) (6) states that if "no application for appointment of a guardian ad litem be made by or in behalf of minor, imprisoned or incompetent party within thirty (30) days after service of the summons upon such party, then the guardian ad litem may be appointed upon application of any party to the action. . . ."

Rules 17(c) and 17(d) serve as a procedural protection for prisoners, who although not mentally deficient or legally incompetent, nevertheless are burdened with the physical restraint of imprisonment. *Matter of Bishop,* 272 S.C. 306, 251 S.E. (2d) 748 (1979).

In the Reporter's Note following Rule 17, it is pointed out that Rule 17(c) retains the provision of S.C. Code Ann. § 15-5-320 (1976) (repealed Act 100, July 1985) which required the appointment of a guardian ad litem for imprisoned persons. It further states the Rule "narrows existing practice by providing for a guardian ad litem only when the person is imprisoned outside the State" and that "in most common civil cases involving prisoners, postconviction relief proceedings, a guardian would not be required for an in-state prisoner who is *normally represented by appointed or retained counsel.*"

---

[2] Gilliam's brief is so conclusory, we would be justified in dismissing the appeal. His entire argument is as follows:

> Regarding incompetent parties, the applicable portion of S.C.R.C.P. 17(c) states that the court may, in its discretion, appoint a Guardian ad Litem for a prisoner in this state *or,* order him brought personally to the trial to testify. No Guardian ad Litem was ever appointed, and the Defendant was never allowed to testify. Clearly, the court's ruling that Defendant was in default is erroneous.

(Emphasis ours.) A different situation exists, however, when a suit is filed against an incarcerated person who is not represented by counsel. Where a prisoner is sued, a lawyer will ordinarily represent the plaintiff which places the prisoner at a considerable disadvantage. Because of the attendant restrictions of incarceration, it is often difficult for a prisoner to secure counsel or the appointment of a guardian ad litem prior to the expiration of the time for filing responsive pleadings. *See generally Craigo v. Marshall*, 175 W. Va. 72, 331 S.E. (2d) 510 (1985).

While we agree with the trial judge that Rule 17(c) does not mandate the appointment of a guardian ad litem for an in-state prisoner named as a defendant in a civil action, we note that, as recognized in the last portion of Rule 17(c), the prisoner's rights must be protected through alternate procedures. Thus, the appointment of a guardian ad litem is discretionary if the court determines the alternative procedure of bringing the prisoner to trial is more feasible and adequately protects his rights.[3] The court should evaluate whether a guardian ad litem is essential for the protection of the incarcerated defendant's rights under the particular circumstances of the pending action. If, for example, the prisoner has made an informed decision to not contest the suit, there is no need for a guardian ad litem. Additionally, where the prisoner is represented by competent counsel, the appointment of a guardian ad litem would be superfluous. *See Green v. Boney*, 233 S.C. 49, 103 S.E. (2d) 732 (1958) (prisoner represented by counsel waived his right to a guardian ad litem under § 15-5-320 where he entered answer and counterclaim without mentioning the appointment of a guardian); *see also Cobb v. Gar-*

---

[3] Whether to bring a prisoner to trial to personally testify is a matter committed to the sound discretion of the trial judge who must balance a number of relevant factors which, as the court stated in *Stone v. Morris*, 546 F. (2d) 730, 735-36 (7th Cir. 1976), include the following:

In making his determination the district judge should take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.

*lington,* 100 S.C. 51, 84 S.E. 302 (1915) (an incarcerated defendant waived his right to the appointment of a guardian ad litem where counsel of his own choosing appeared for him). However, where an adverse judgment against the prisoner will affect present or future property rights, the court should ensure either that a guardian ad litem is appointed or that the inmate is at least brought to court prior to the entry of a default judgment against him for a determination of whether the appointment of a guardian ad litem is essential for the protection of the prisoner's rights. The spirit of the law demands no less.

At the time of the first default hearing, Gilliam was ■ represented by counsel and, thus, there was no need to appoint a guardian ad litem. Therefore, the court was correct to find that Gilliam was not entitled to have service of the summons and complaint quashed for the lack of the appointment of a guardian ad litem.[4] Before entering judgment against Gilliam, the court ordered another default hearing so that Gilliam could be present, and according to the court, "have input into it." At this stage, Gilliam's prerogative to challenge the right of the State to obtain forfeiture of his property had not been finally determined since we view the second hearing as the court affording Gilliam the opportunity to show why a judgment of default should not have been entered against him.[5] We believe this procedure, though not a model to be followed by the bench, adequately protected Gilliam's rights. However, his counsel made no attempt to show that he had a defense to the forfeiture action, but instead focused his argument on Gilliam's right to a jury trial. Had Gilliam argued that he was precluded from responding to the complaint because of the restrictions of incarceration and advanced some defense to the forfeiture action, we would be able to review whether the court abused its discretion in entering judgment under the facts of this case. We find no abuse of discretion.

---

[4] In any event, we do not read the rule as requiring the appointment of a guardian ad litem to effectuate proper service of the pleadings.

[5] The judge stated that the first issue to be decided at the hearing was whether a default would be entered. We note that the proper action for Gilliam to have taken at this point would have been to ask for permission to file an answer setting forth any defense he may have had to the forfeiture action.

Gilliam next contends he was entitled to a jury trial, and the court erred by ruling otherwise. We disagree.

We recognize that the owner of property has a right to a jury trial in state civil forfeiture proceedings where the property subject to forfeiture is "property normally used for lawful purposes." *Medlock v. 1985 Ford F-150 Pick Up VIN 1FTDF15YGFNA22059*, 308 S.C. 68, 417 S.E. (2d) 85 (1992). We are at a loss as to what issues Gilliam contends he is entitled to have a jury decide. Because Gilliam made no effort either to prevent the confirmation of default, remove the default, or to file responsive pleadings so as to join the issues, it was improper to request a jury trial in the posture of the case. Where a party is in default, the right to a jury trial is waived pursuant to Rule 38(d), SCRCP. *See Rowe Furniture Corp. v. Carolina Wholesale Furniture Co.*, 292 S.C. 575, 576, 357 S.E. (2d) 725 (Ct. App. 1987) (Rule 38 "provides that the failure of a party to demand a jury trial within ten days of the service of the last pleading constitutes a waiver of trial by jury.").

For the foregoing reasons, the judgment is affirmed.

Affirmed.

GOOLSBY and CONNOR, JJ., concur.