24358

Tommy McKNIGHT, Petitioner v. STATE of South Carolina, Respondent.
(465 S.E. (2d) 352)

Supreme Court

Robert M. Pachak, Assistant Appellate Defender, South Carolina Office of Appellate Defense, Columbia, for petitioner.

T. Travis Medlock, Attorney General, J. Emory Smith, Jr., Deputy Attorney General, Teresa Nesbitt Cosby, Assistant Attorney General, Teresa A. Knox, Assistant Attorney General, Office of the Attorney General, Columbia, for respondent.

Submitted Sept. 21, 1995.

Decided Dec. 11, 1995.

WALLER, Justice:

McKnight was convicted of resisting arrest and criminal domestic violence, third offense. No direct appeal was taken. He filed an application for postconviction relief which was dismissed after an evidentiary hearing. We reverse, finding McKnight was denied his Sixth Amendment right to counsel when the trial proceeded in counsel's absence.

## FACTS

McKnight's trial lasted two days. On the morning of the second day, the jury was brought into the courtroom, where the following occurred:

> THE COURT: Has anyone heard or seen from [defense counsel]?

(No Response)

THE COURT: All right. Solicitor, call your next witness.

Thereafter, the solicitor called one of the victims of the resisting arrest, who was injured by McKnight, to the stand. When direct examination had been completed, the trial judge informed McKnight he could cross-examine the witness if he desired. After McKnight had asked several questions, defense counsel entered the courtroom and took over cross-examination. At no time did defense counsel object to the trial proceeding in his absence or ask for a recess to review what he had missed before proceeding. He offered no excuse for his absence.

## ISSUE

Did defense counsel's absence during part of the state's presentation of evidence against McKnight render counsel ineffective?

## DISCUSSION

The Sixth Amendment right to counsel has long been held to mean the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. (2d) 763 (1970). Normally, to establish ineffective assistance of counsel a defendant must prove counsel's performance was deficient and this deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984). *See also Frett v. State*, 298 S.C. 54, 378 S.E. (2d) 249 (1988). In his order dismissing McKnight's application, the postconviction judge, applying this two-part test, found McKnight had failed to prove both deficiency and prejudice. We find application of the two-part test in *Strickland* was inappropriate under the facts of this case.

In *Strickland* the Court stated, "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Id.* at 692, 104 S.Ct. at 2067, 80 L.Ed. (2d) at 696. Courts have interpreted this language to mean prejudice will be presumed if counsel is denied at a critical stage of the trial.[1] "[A] petitioner asserting a claim of ineffec-

[1] *See United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. (2d) 657 (1984); *Green v. Arn*, 809 F. (2d) 1257, 1263 (6th Cir.), *cert. granted and judg-*

tive assistance of counsel must demonstrate *either* that he was denied counsel at a critical stage of the proceedings or establish the requirements set forth in *Strickland." Green v. Arn,* 615 F. Supp. 1231, 1235 (N.D. Ohio 1985), *aff'd,* 809 F. (2d) 1257 (6th Cir.), *cert. granted and judgment vacated on other grounds,* 484 U.S. 806, 108 S.Ct. 52, 98 L.Ed. (2d) 17 (1987), *judgment reinstated,* 839 F. (2d) 300 (6th Cir. 1988), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed. (2d) 979 (1989) (emphasis added).

In *Green,* Green's counsel was absent during the cross-examination of the victim by the attorney for her co-defendants. Green was convicted and subsequently filed for habeas corpus relief in federal court. While noting that Green did have access to her attorney for most of the trial, the district court found counsel's absence constituted prejudice as a matter of law. *Green,* 615 F. Supp. at 1235. In affirming the district court's opinion, the Court of Appeals found that harmless error inquiry should be precluded because counsel was absent at such a critical stage of the trial. "It is difficult to perceive a more critical stage of a trial than the taking of evidence on the defendant's guilt." *Green,* 809 F. (2d) at 1263. *See also People v. Margan,* 157 A.D. (2d) 64, 554 N.Y.S. (2d) 676 (N.Y. App. Div. 1990) (presuming prejudice and precluding harmless error inquiry where trial judge directed the state to begin direct examination of a witness before defense counsel had yet arrived).

We adopt the reasoning of *Green* and hold that when counsel is denied at a critical stage of a defendant's trial, prejudice will be presumed and harmless error analysis is precluded. Inquiry under the two-part test established in *Strickland* is therefore inappropriate.[2]

*ment vacated on other grounds,* 484 U.S. 806, 108 S.Ct. 52, 98 L.Ed. (2d) 17 (1987), *judgment reinstated,* 839 F. (2d) 300 (6th Cir. 1988), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed. (2d) 979 (1989). *See also State v. Williams,* 263 S.C. 290, 210 S.E. (2d) 298 (1974).

[2] We do not mean to suggest, however, that an automatic reversal is required every time counsel is absent from any part of a trial. Some absences might be so de minimis they would have no constitutional significance. *Green,* 809 F. (2d) at 1261. *See also Vines v. United States,* 28 F. (3d) 1123, 1128 (11th Cir. 1994) (stating "where . . . no evidence directly inculpating a defendant is presented while that defendant's counsel is absent, wee decline to hold that counsel was absent during a critical stage of trial"); *United States v. Morrison,* 946 F. (2d) 484 (7th Cir. 1991), *cert. denied sub nom. Anderson v. United States,* 506 U.S. 1039, 113 S.Ct. 826, 121 L.Ed. (2d) 696 (1992); *Lowe v. State,* 264 Ga. 757, 452 S.E. (2d) 90, 93 (1994).

Applying this standard to the facts of this case, we find ■ counsel's absence during the testimony of a victim denied McKnight the assistance of counsel at a critical stage of his trial.

Finally, the state has argued McKnight waived his ■ right to counsel by proceeding *pro se* during counsel's absence. We disagree. There is no evidence in the record that McKnight made a knowing and voluntary waiver after being advised of the dangers inherent in self-representation. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. (2d) 562 (1975).

Accordingly, the order dismissing McKnight's application for postconviction relief is reversed, and he is therefore entitled to a new trial.

Reversed.

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.