565 S.E.2d 290

Ex parte John Martin FOSTER, Appellant,

In re Thomas E. Pope as Solicitor, Respondent,

v.

Jonathan Edward Pate and One 1987 Nissan Sentra Automobile (VIN # 1N4PB22S3HC871896); Seven Hundred Ninety–Six and 67/100 ($796.67) Dollars in U.S. Currency; One Arch Pager (Serial # 1659257); One Alltel Mobile Phone (Serial # SWF1396E); and One Necklace—gold in color, Defendants,

of whom Jonathan Edward Pate is Respondent.

No. 25482.

Supreme Court of South Carolina.

Heard Feb. 7, 2002.

Decided June 17, 2002.

John Martin Foster, of Rock Hill, for appellant.

Assistant Solicitor Kevin Scott Brackett, of York, for respondent Pope.

Attorney General Charles M. Condon; Deputy Attorney General Treva G. Ashworth; and Assistant Deputy Attorney General J. Emory Smith, Jr., of Columbia, for The State, Intervenor.

Assistant Appellate Defender Aileen P. Claire, of Columbia, for respondent Pate.

Lucy London McDow, of Rock Hill, for York County Bar Association, Inc., amicus curiae.

Justice PLEICONES.

Appellant, a licensed attorney, appeals an order appointing him Guardian ad Litem (GAL) for respondent Pate, the defendant in a civil forfeiture action. Appellant contends the order contains insufficient factual findings to support the appointment. We agree, and reverse and remand.

At the time of the appointment, Pate was incarcerated and, although the pleadings and orders make no reference to the rule, it appears the appointment was made pursuant to Rule 17(c), SCRCP:

when a person is imprisoned in this state, and not a minor or incompetent, the court may, in its discretion appoint a guardian ad litem or order him to be brought personally to the trial to testify in accordance with Rule 43(a).

Rule 17(d)(2), SCRCP provides:

**(d)(2) Who May Be Appointed.** The general guardian of a minor or incompetent person may be appointed guardian *ad litem,* if he has no interest adverse to that of the person whom he represents in the action. No other person may be appointed guardian *ad litem* of a minor or incompetent or imprisoned person unless he be fully competent to understand and protect the rights of the person whom he represents, has no interest adverse to that of the person whose interest he represents, is not connected or associated with the attorney or counsel of the adverse party, and is not the attorney for the adverse party. If the guardian *ad litem* is an attorney, it shall not be necessary that he be represented by an additional attorney; but the attorney of the adverse party shall not represent the guardian *ad litem.*

The initial order appoints appellant as Pate's GAL. Appellant petitioned for reconsideration and the order issued in

response to that motion explicitly provides "the [appellant] shall have 60 days **to answer & investigate through the guardian ad litem.**" (emphasis supplied). Appellant correctly asserts that he has been appointed Pate's *de facto* attorney as well as his *de jure* GAL, a practice countenanced by Rule 17(d)(2).

## *Issue*

Is an incarcerated defendant in a civil forfeiture action entitled to an appointed GAL or attorney?

## *Discussion*

The rationale for appointing a GAL for a prisoner "is not mental deficiency, but the physical restraint of imprisonment." *In re Bishop,* 272 S.C. 306, 251 S.E.2d 748 (1979). When a prisoner is already represented by competent counsel, or when he "has made an informed decision not to contest the suit," the circuit court need not appoint a GAL. *Gossett v. Gilliam,* 317 S.C. 82, 452 S.E.2d 6 (Ct.App.1994) *cert. denied* June 16, 1995. In *Gossett,* a civil forfeiture suit, the Court of Appeals held that under Rule 17(c), the appointment of a GAL for an inmate is "discretionary" if the judge determines it is more 'feasible' to bring the prisoner himself to trial. The Court of Appeals went on to hold that:

> where an adverse judgment against the prisoner will affect present or future property rights, the court should ensure either that a[GAL] is appointed or that the inmate is at least brought to court prior to entry of a default judgment against him for a determination of whether the appointment of a[GAL] is essential to the protection of the prisoner's rights. The spirit of the law demands no less.

*Id.* at 86, 452 S.E.2d at 8.

Appellant has been appointed as a *de facto* attorney, however, and not as a "mere" GAL. At the time this appointment was made, the factors to be considered in making such an appointment were outlined in *Ex parte Dibble,* 279 S.C. 592, 310 S.E.2d 440 (Ct.App.1983). Appellant rightly complains that the orders here are devoid of any discussion of the *Dibble* factors. We therefore reverse and remand the appointment order for reconsideration.

On remand, the trial court shall apply Rule 608, SCACR which we adopted after this appeal was filed, and

which now governs this appointment procedure. Rule 608(g) provides:

(1) The unnecessary appointment of lawyers to serve as counsel or GALs places an undue burden on the lawyers of this State. Before making an appointment, a circuit or family court judge must insure that the person on whose behalf the appointment is being made is in fact indigent. Further, a lawyer should not be appointed as counsel for an indigent unless the indigent has a right to appointed counsel under the state or federal constitution, a statute, a court rule or the case law of this State. Finally, except where the appointment of a GAL is mandated by the state or federal constitution, statute, Rule 17, SCRCP, other court rule or the case law of this State, circuit and family court judges should cautiously exercise their discretionary authority to appoint a GAL under Rule 17, SCRCP.

(2) A lawyer should only be appointed as counsel under this rule when counsel is not available from some other source. For example, an appointment under the rule for a criminal defendant should not be made when there is a public defender available to take the appointment.

(3) When available, the circuit and family courts should consider using non-lawyers as GALs. The family court in each county is expected to encourage and support the South Carolina Guardian Ad Litem Program, S.C.Code Ann. §§ 20–7–121 to 129. Effective use of this program will further reduce the burden placed on lawyers while insuring that competent GALs are provided for children in abuse and neglect cases.

On remand, in addition to the requirements of this rule, the circuit court shall consider the following issues in determining whether respondent Pate should be appointed a GAL, and if so, whether an attorney should be appointed to that position:

(1) Is respondent Pate indigent?

(2) Is the nature of this civil forfeiture action so complex that the fact of respondent Pate's incarceration will unfairly hamper his ability to defend his case?; and

(3) If a GAL is appointed, is she entitled to be compensated out of the proceeds of the forfeited property for her

investigative costs and/or for her time as a "proper expense of the proceeding" under S.C.Code Ann. § 44–53–530(c)(Supp.2001)?

■ We emphasize neither Rule 17, SCRCP, nor Rule 608, SCACR, require the automatic appointment of GALs for incarcerated persons. Rather, the trial court is to exercise its discretion in making these appointment decisions. Ordinarily, the inmate should be brought before the court prior to the appointment decision in order for the court to adjudicate the inmate's indigency status, and to allow the trial judge to assess the particular inmate's needs on an individual basis. If no GAL is appointed, then arrangements must be made to ensure the inmate's presence at the trial on the merits. Rule 17(c), SCRCP; *Gossett v. Gilliam, supra.* Further, it does not follow automatically from the conclusion that a GAL should be appointed that the appointment should be made from among the members of the Bar. There may well be a friend or family member of the inmate who can assist in the defense of the forfeiture suit.

The order appointing appellant as GAL in this matter is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.