586 S.E.2d 576

**Alphonso DUCKSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25712.

Supreme Court of South Carolina.

Submitted March 19, 2003.

Decided Sept. 8, 2003.

Deputy Chief Attorney Joseph L. Savitz, III, of S.C. Office of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Chief Deputy Capital & Collateral Litigation Donald J. Zelenka, Assistant Deputy Attorney General Allen Bullard, and Assistant Attorney General Elizabeth R. McMahon, all of Columbia, for Respondent.

JUSTICE PLEICONES:

Petitioner's parole was revoked following a hearing at which he was represented by a retained attorney. Petitioner then filed an application for post-conviction relief (PCR) alleging, among other things, that his parole revocation attorney rendered ineffective assistance of counsel. Following an evidentiary hearing, the PCR judge held:

(1) Petitioner had stated no cognizable claim under the Uniform Post Conviction Relief Act[1]; and

---

1. S.C.Code Ann. §§ 17–27–10 through –160 (2003).

598

(2) Petitioner failed to prove that his parole revocation counsel was ineffective.

We granted certiorari, and now affirm.

## ISSUE

Has petitioner stated a cognizable PCR claim?

## ANALYSIS

■ In *Al–Shabazz v. State,* 338 S.C. 354, 527 S.E.2d 742 (2000), we held that, generally, PCR is available *"only when the applicant mounts a collateral attack challenging the validity of his conviction or sentence ..." Id.* at 367, 527 S.E.2d at 749 (emphasis in original). The only exceptions are that a PCR action may be brought to assert a claim that the applicant's sentence has expired, or that his probation, parole, or conditional release has been unlawfully revoked. *Id.,* citing S.C.Code Ann. § 17–27–20(a)(5).

■ At first glance, it would appear that petitioner's claim of ineffective assistance of counsel brings this action within the ambit of § 17–27–20(a)(5). An ineffective assistance claim is premised, however, on the violation of an individual's Sixth Amendment right to counsel. *See, e.g., McKnight v. State,* 320 S.C. 356, 465 S.E.2d 352 (1995). No such Sixth Amendment right to counsel exists, however, in the context of a parole revocation hearing which is an administrative rather than a criminal proceeding.[2] *See In re McCracken,* 346 S.C. 87, 551 S.E.2d 235 (2001) (Sixth Amendment right to the effective assistance of counsel limited to criminal actions).[3]

---

**2.** The concurrence would recognize no distinction between probation and parole in this context. Probation is judicially-imposed at the time of sentencing: whether a violation of probationary terms has occurred, and if so, the consequences of such a violation, are matters for the courts. *See e.g., State v. Crouch,* Op. No. 25698, 585 S.E.2d 288 (S.C.Sup.Ct.2003). On the other hand, the Board of Probation, Parole, and Pardon Services determines both parole eligibility and revocations. *Id.; Brown v. State,* 306 S.C. 381, 412 S.E.2d 399 (1991).

**3.** The concurring opinion would extend the holding of *Barlet v. State,* 288 S.C. 481, 343 S.E.2d 620 (1986), that all individuals have a right to counsel in a probation revocation, to parole revocations as well. *See* footnote 3, *infra.* The *Barlet* decision is grounded in our Rules, and not in the Constitution. *See* Rule 602(a), SCACR; *see also e.g. Austin v.*

A constitutional right to counsel may arise in a parole revocation proceeding by virtue of the Due Process clause. *See Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Further, a state statute permits counsel to appear at such a hearing. S.C.Code Ann. § 24–21–50 (Supp.2002). At his parole revocation hearing, petitioner was represented by his retained attorney. Since petitioner's attorney was permitted to appear, and since petitioner does not contend that his Due Process rights[4] were violated, he has failed to allege that his parole revocation hearing was "unlawful." Petitioner has therefore failed to state a claim cognizable in a PCR action. S.C.Code Ann. § 17–27–20(a)(5).

Accordingly, the decision of the PCR court is

AFFIRMED.

---

*State,* 305 S.C. 453, 409 S.E.2d 395 (1991) (right to counsel on PCR certiorari by virtue of Court rule, not constitution). While it may be preferable to give all inmates facing parole revocation the right to counsel, such a requirement is not found in the Constitution or Court rule. *See Ex parte Foster,* 350 S.C. 238, 565 S.E.2d 290 (2002) ("The unnecessary appointment of lawyers to serve as counsel or GALs places an undue burden on the lawyers of this State.... [A] lawyer should not be appointed as counsel for an indigent unless the indigent has a right to appointed counsel under the state or federal constitution, a statute, a court rule or the case law of this State").

4.  The concurring opinion would engraft the Sixth Amendment standard of effective assistance of counsel onto an attorney appointed pursuant to the Due Process clause. In support of this proposition, that opinion cites a California Court of Appeals decision, *In re Issac J.,* 4 Cal.App.4th 525, 6 Cal.Rptr.2d 65 (4th Dist.1992), and an opinion from the Superior Court of Pennsylvania, *In re Smith,* 393 Pa.Super. 39, 573 A.2d 1077 (1990). In fact, the California Courts of Appeal are divided whether parents facing termination of their parental rights are entitled to the effective assistance of counsel issue, and the issue has not been resolved by the California Supreme Court. *Compare Issac J., supra* with *In re Ammanda G.,* 186 Cal.App.3d 1075, 231 Cal.Rptr. 372 (3rd Dist.1986). Like Pennsylvania, we have long recognized that juveniles are entitled to the effective assistance of counsel in their quasi-criminal proceedings, and have judged claims that the standard was not met by the same criteria used in adult PCR cases. *See, e.g., Sanders v. State,* 281 S.C. 53, 314 S.E.2d 319 (1984). Neither of the cases cited convinces us that we should transform petitioner's Sixth Amendment claim into a Due Process claim, and thereafter judge that Due Process claim by a Sixth Amendment standard.

TOAL, C.J., MOORE and BURNETT, JJ., concur.

WALLER, J., concurring in result in a separate opinion.

JUSTICE WALLER concurring in the result:

Because I believe petitioner had a right to the effective assistance of counsel at his parole revocation hearing, and therefore can bring a post-conviction relief (PCR) action, I disagree with the majority's reasoning. However, since petitioner failed to establish counsel's ineffectiveness, I concur in result only.

## FACTS

Petitioner was convicted of murder in 1969 and sentenced to life imprisonment. He was paroled in 1979, went back to prison in 1984 because of a parole violation, and was paroled again in 1988.

The instant action stems from his 1999 parole revocation. According to the warrant issued in October 1998 by the Department of Probation, Parole and Pardon Services, petitioner violated his parole by failing to report, changing his residence at 4063 Charleston Highway, West Columbia, without permission, and failing to pay a supervision fee.[5] On April 7, 1999, the Parole Board held a hearing at which petitioner was represented by John Watson.[6] Petitioner contested the violations, but the Parole Board revoked his parole, thereby reinstating his life sentence.

At the PCR hearing, petitioner testified that he had a seventh-grade education and worked for steel companies. He stated he had not moved from his Charleston Highway residence and explained that his parole agent might have visited his residence while he was in the hospital since he was going every day for treatments. As to his attorney's performance at the parole revocation hearing, petitioner asserted Watson should have presented witness testimony. He showed that the arrest warrant, which was served on petitioner in January

---

5. He was $100 in arrears.

6. Petitioner retained Watson who had represented petitioner on different matters over the years.

1999, listed the 4063 Charleston Highway address. In addition, petitioner called his sister, Willie Deen Anderson, who testified that petitioner had been sick, and before he went back to jail, she drove him to the hospital every day for six months.

Watson testified for the State at the PCR hearing. Watson explained he attempted to convince the Parole Board that: (1) petitioner had not moved from his Charleston Highway residence, (2) any failure to report was because petitioner was in the hospital frequently for dialysis treatments, and (3) the $100 arrearage had been paid by Watson. Watson showed the Parole Board letters to petitioner at the Charleston Highway address and the receipt for the $100 payment. Watson testified he unsuccessfully attempted to contact petitioner's landlady and that other witnesses, such as petitioner's former wife and his daughter, refused to testify on petitioner's behalf.

The PCR court found petitioner had no right to counsel at the parole revocation hearing and therefore could not state a PCR claim. Alternatively, the PCR court found that even if petitioner was entitled to counsel, he had not shown counsel was ineffective.

## DISCUSSION

As recognized by the majority, a parolee may have a right to counsel at a parole revocation hearing. *See Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In *Gagnon,* the United States Supreme Court was faced with the question of whether "an indigent probationer or parolee has a due process right to be represented by appointed counsel at these hearings." *Id.* at 783, 93 S.Ct. 1756. The Supreme Court started its analysis by looking at *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which established the minimum requirements of due process for parole revocation. The Supreme Court rejected the argument that because of the rights outlined by *Morrissey,* counsel was unnecessary. Instead, the Supreme Court noted that "the effectiveness of the rights guaranteed by *Morrissey* may in some circumstances depend on the use of skills which the probationer or parolee is unlikely to possess." 411 U.S. at 786, 93 S.Ct. 1756. The *Gagnon* Court concluded that the

entitlement of counsel should be determined on a case-by-case basis. Giving guidance on how courts should make this determination, the Supreme Court stated the following:

> [C]ounsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.

411 U.S. at 790–91, 93 S.Ct. 1756.

This Court has not had the occasion to address whether a parolee is entitled to counsel at a parole revocation hearing. However, the Court has held that at a **probation** revocation hearing, there is a right to counsel. *See Barlet v. State,* 288 S.C. 481, 343 S.E.2d 620 (1986) (discussing *Gagnon,* as well as holding that Supreme Court Rule 51 [now Rule 602, SCACR] requires that all persons charged with probation violations be advised of their right to counsel, and indigent persons be advised of their right to court appointed counsel); *see also Salley v. State,* 306 S.C. 213, 215, 410 S.E.2d 921, 922 (1991) ("The right to counsel attaches in probation revocation hearings."); *Huckaby v. State,* 305 S.C. 331, 335, 408 S.E.2d 242, 244 (1991) ("all persons charged with probation violations must be advised of their right to counsel") (citing *Barlet, supra*).

In my opinion, the right to counsel likewise attaches at a parole revocation hearing, or at the very least, at those parole revocation hearings that meet the guidelines for appointment of counsel laid out by the Supreme Court in *Gagnon. See Gagnon,* 411 U.S. at 790–91, 93 S.Ct. 1756.[7]

---

**7.** I note the Supreme Court in *Gagnon* held there was no difference between the revocation of parole and the revocation of probation which would be relevant to the guarantee of due process. *See Gagnon,* 411

As to the instant case, petitioner clearly contested the some of the alleged parole violations and offered reasons in mitigation for others. In addition, he testified he only has a seventh grade education, which presumably would impact his ability to effectively present his case. Finally, it appears from Watson's PCR testimony that a certain amount of investigation and evidence gathering was required for the hearing, which clearly would have been near impossible for petitioner to accomplish since he was incarcerated. Accordingly, given the facts of this case, it is my opinion petitioner clearly was entitled to counsel at his parole revocation hearing. *See id.*

Petitioner makes the very reasonable argument that he was entitled to the **effective** assistance of counsel. The majority seems to contend that a right to counsel grounded in the constitutional principles of due process does not guarantee effectiveness of counsel, unlike the same right grounded in Sixth Amendment principles. I disagree. Certainly, a due process right to counsel would be a hollow one if there were no concomitant guarantee to an effective attorney. *See, e.g., In re Issac J.,* 4 Cal.App.4th 525, 6 Cal.Rptr.2d 65, 69 (1992) (finding that in appropriate cases, there is a due process right to counsel in a termination of parental rights proceeding, and "[w]here there is a due process right to counsel, there is a concomitant right to the effective assistance of counsel"); *In re Smith,* 393 Pa.Super. 39, 573 A.2d 1077 (1990) (finding that where juvenile had right to counsel in delinquency proceeding, the right obviously was to effective assistance of counsel).

Therefore, petitioner's claim of ineffective assistance of parole revocation counsel is cognizable under the PCR statute. Although petitioner's claim is not a challenge to his conviction or sentence, it is encompassed by the claim that his parole was unlawfully revoked—a claim which is specifically authorized by

U.S. at 782 & n. 3, 93 S.Ct. 1756. Therefore, given this Court's decisions which have held that the right of counsel attaches at probation revocation hearings, it logically should follow that the same right attaches in the parole setting. Arguably, however, since *Barlet* relied on Supreme Court Rule 51, the predecessor to Rule 602, SCACR, and Rule 602 mentions the right to counsel for a probation violation, but is silent as to a parole violation, I hesitate to extend the Court's *Barlet* holding to the parole context. Since there appears to be no South Carolina authority supporting the proposition that there is a right to counsel at **all** parole revocation hearings, I confine my analysis to the right to counsel pursuant to the law set out in *Gagnon.*

the PCR statute. *See* S.C.Code Ann. § 17–27–20(a)(5) (2003); *see also Al–Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000) (where the Court held that PCR is proper only when the applicant collaterally attacks the validity of his conviction or sentence; however, a non-collateral challenge may be brought pursuant to § 17–27–20(a)(5) which, *inter alia*, specifically allows a PCR claim that parole has been "unlawfully revoked"); *Kerr v. State*, 345 S.C. 183, 547 S.E.2d 494 (2001) (same).[8]

In sum, I believe petitioner had a right to counsel at his parole revocation hearing pursuant to *Gagnon* and therefore he has a right to assert a PCR claim that counsel was ineffective. Accordingly, I would reverse the PCR court's findings on this issue. Nonetheless, I agree with the PCR court's alternative finding that counsel in this case was not ineffective.

To prove ineffective assistance of counsel, a PCR applicant must show that: (1) counsel's performance was deficient; and (2) prejudice resulted from the deficient conduct. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Nichols, supra.* This Court will uphold the PCR court's findings if there is any evidence of probative value to support them. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

Watson's testimony at the PCR hearing clearly supports the PCR court's ruling that petitioner was not denied his right to effective assistance of counsel. At the parole revocation hearing, Watson presented documentary evidence that petitioner resided at the Charleston Highway address and that the $100 arrearage had been paid. Although no witnesses were presented, Watson stated he attempted to contact witnesses and have them appear, but was unsuccessful in his efforts. Moreover,

---

8. In addition, this Court has held, in the probation revocation context, that "a probationer retains his full Sixth Amendment right to counsel." *Huckaby v. State*, 305 S.C. 331, 335, 408 S.E.2d 242, 244 (1991). Moreover, in *Nichols v. State*, 308 S.C. 334, 417 S.E.2d 860 (1992), the Court evaluated Nichols' claim of ineffective assistance of counsel at a probation hearing and found counsel had been deficient in his performance and that Nichols had been thereby prejudiced. Again, given the closely related nature of parole and probation revocation proceedings, *see* footnote 3, *supra,* there is South Carolina authority that petitioner may bring this type of PCR claim.

Watson presented oral argument to the Parole Board as to his personal belief that petitioner lived at the Charleston Highway residence. Unfortunately for petitioner, however, the Parole Board apparently was not persuaded by counsel's presentation of petitioner's case.[9]

Because the PCR court's finding that Watson rendered effective assistance at the parole revocation hearing is amply supported by the evidence, the PCR court's denial of relief should be affirmed. Accordingly, I concur in the result reached by the majority's opinion.

---

9. There is evidence in the record supporting the allegations regarding petitioner's failure to report; therefore, the Parole Board had the discretion to revoke petitioner's parole. *See State v. McCray,* 222 S.C. 391, 396, 73 S.E.2d 1, 3 (1952) ("Revocation of probation or parole, in whole or in part, is the means of enforcement of the conditions of it; and in the absence of capricious or arbitrary exercise, the discretion of the revoking court will not be disturbed"); *cf. State v. Proctor,* 345 S.C. 299, 301, 546 S.E.2d 673, 674 (Ct.App.2001) (the determination to revoke probation is reversible only when based on an error of law or a lack of supporting evidence renders it arbitrary or capricious).