THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Willie Michael
 Moore, Appellant.
 
 
 

Appeal From Lancaster County
 Kenneth G. Goode, Circuit Court Judge
Unpublished Opinion No. 2007-UP-486
Submitted October 1, 2007  Filed October
 15, 2007    
AFFIRMED

 
 
 
 Appellate Defender Katherine H. Hudgins, of Columbia, for
 Appellant
 John Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER
 CURIAM:  Willie Michael Moore appeals
 the revocation of his community supervision.  Moore argues the trial court
 erred in not specifically finding that his failure to comply with the
 requirements of home detention was willful.  We affirm.[1]
FACTS
On May 2, 2002, Moore was convicted of second degree arson and
 sentenced to ten years imprisonment, suspended upon the service of ninety days
 imprisonment and three years probation.  On February 13, 2003, the court
 revoked Moores probation, reinstated three years of his suspended sentence,
 and terminated his probation.  Moore was placed in the South Carolina
 Department of Probation, Parole, and Pardon Services (the Departments)
 community supervision program (Program).
On
 August 3, 2005, Moore appeared before the court for a community supervision
 violation hearing.  The trial judge found Moore had willfully violated the
 terms of the Program but continued him in the Program.  On October 5, 2005, an
 arrest warrant was issued for Moore based on his alleged violations of the
 terms of the Program.  Specifically, the arrest warrant charged Moore with having failed to follow the advice and instructions of his agent, by confessing
 to having used cocaine subsequent to a failed drug test, by failing to pay $140
 in supervision fees, and by violating the home detention provision of the
 Program.
On
 October 26, 2005, Moore appeared before the trial court for another community
 supervision violation hearing.  Moores counsel argued the State had not
 complied with the home detention provision of his probation.  The trial court
 revoked Moores community supervision and imposed a sentence of one year for
 violating the Program.  Moore appeals.
LAW/ANALYSIS
Moore argues his
 alleged violation of home detention was not willful because home detention was
 not imposed as part of the Program.  As such, Moore contends the violation of home
 detention cannot serve as a ground upon which his community supervision could
 be revoked.  We affirm.
Generally a no
 parole offense as defined in Section 24-13-100 must include . . . completion
 of a community supervision program . . . .  S.C. Code Ann. § 24-21-560(A)
 (2007).  The period of time a prisoner is required to participate in a
 community supervision program and the individual terms and conditions of a
 prisoners participation shall be at the discretion of the department based
 upon guidelines developed by the director.  S.C. Code Ann. § 24-21-560(B)
 (2007).
If
 the department determines that a prisoner has violated a term of the community
 supervision program and the community supervision should be revoked, a
 probation agent must initiate a proceeding in General Sessions Court.  Id.  If the court determines that a prisoner has wilfully violated a term or
 condition of the community supervision program, the court may impose any other
 terms or conditions considered appropriate and may continue the prisoner on
 community supervision, or the court may revoke the prisoners community
 supervision and impose a sentence of up to one year for violation of the
 community supervision program.  S.C. Code Ann. § 24-21-560(C) (2007).
In Jackson v.
 State, 349 S.C. 62, 64, 562 S.E.2d 475, 475 (2002), our supreme court held
 the Program serves essentially the same function for persons convicted of no
 parole offenses as parole does for other inmates.  Probation is
 judicially-imposed at the time of sentencing: whether a violation of
 probationary terms has occurred, and if so, the consequences of such a
 violation, are matters for the courts.  Duckson v. State, 355 S.C. 596,
 598, 586 S.E.2d 576, 578 (2003).  On the other hand, the Board of Probation,
 Parole, and Pardon Services determines both parole eligibility and
 revocations.  Id.
This Court will not disturb the Circuit Courts
 decision to revoke probation unless the decision was influenced by an error of
 law, was without evidentiary support, or constituted an abuse of discretion.  State
 v. Lee, 350 S.C. 125, 129, 564 S.E.2d 372, 374 (Ct. App. 2002).  Probation
 is a matter of grace; revocation is the means to enforce the conditions of
 probation.  State v. Hamilton, 333 S.C. 642, 648, 511 S.E.2d 94, 97
 (Ct. App. 1999).  [B]efore revoking probation, the circuit judge must
 determine if there is sufficient
 evidence to establish that the probationer has violated his probation
 conditions.  Id.
In
 the order revoking Moores Program, the judge specifically found Moore willfully violated terms of the Program.  The order does not specifically address which of
 the alleged violations the court determined Moore committed willfully, however
 section 24-21-560(C) does not require the trial court to make such a finding. 
 Assuming arguendo that Moores violation of home detention was not
 willful, the record indicates Moore did not attempt to deny or explain the
 other allegations against him at the violation hearing, including his failed
 drug test and subsequent admission to his probation agent that he used cocaine. 
 We therefore find there is a sufficient factual basis to support the judges
 finding that Moore willfully violated at least one of the terms of his
 community supervised program.
AFFIRMED.
ANDERSON and THOMAS, JJ., and CURETON, A.J., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.