**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Bruce Justice, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-001718

———————————

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-186
Submitted March 1, 2022 – Filed May 4, 2022

———————————

**DISMISSED**

———————————

Appellate Defender Taylor Davis Gilliam, of Columbia,
for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Lillian Loch Meadows, both of
Columbia, for Respondent.

———————————

**PER CURIAM:** In this post-conviction relief (PCR) action, William Bruce Justice challenges his parole revocation, arguing he was denied the right to confront and cross-examine witnesses at his parole revocation hearings, the right to disclosure of the State's evidence against him, and the right to be heard and to present evidence

on his behalf. Petitioner also contends S.C. Code Ann. § 24–21–50 (2007), which denies inmates the "right of confrontation" at a parole revocation hearing, violates due process. He further claims the parole board's hearing and pre-hearing practices and procedures deprive *pro se* inmates pertinent case information and discovery, and abridge the right to counsel because lawyers are "rarely" appointed for inmates. We dismiss the petition as moot.

## I.

A jury convicted Petitioner in 1989 of four counts of second-degree burglary, two counts of grand larceny, and two counts of petit larceny. Petitioner was granted parole in 2012, at which time he had not yet completed service of three of his sentences for second-degree burglary. In 2013, Petitioner was arrested for violating his parole. After a preliminary and a final hearing, the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPS) revoked Petitioner's parole. In 2014, Petitioner filed this PCR application challenging his parole revocation. The PCR court found Petitioner failed to establish any constitutional violations or deprivations of due process. Petitioner then filed this petition for a writ of certiorari.

We granted the petition to review the questions presented by Petitioner. However, Petitioner has now been released from incarceration, having fully served his sentence. Petitioner argues even though he is no longer incarcerated, his issues are not moot as SCDPPS's conduct is likely to repeat itself and evade judicial review. We disagree.

Petitioner's issues are moot as he is no longer in prison. Any decision we could make as to the merits of his case would have no practical legal effect. *See Midland Guardian Co. v. Thacker*, 280 S.C. 563, 566, 314 S.E.2d 26, 28 (Ct. App. 1984) ("Before any action can be maintained, of course, there must exist a 'justiciable controversy.'" (quoting *Dantzler v. Callison*, 227 S.C. 317, 321, 88 S.E.2d 64, 66 (1955))); *Guimarin & Doan, Inc. v. Georgetown Textile & Mfg. Co.*, 249 S.C. 561, 566, 155 S.E.2d 618, 621 (1967) ("A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character."); *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief.").

Nor do any of Petitioner's issues fall under an exception to the mootness doctrine. While we agree the issues of denial of due process rights and treatment of *pro se* individuals in a parole revocation hearing may arise again, we do not agree they will evade future judicial review. *See S.C. Pub. Int. Found. v. S.C. Dep't of Transp.*, 421 S.C. 110, 121, 804 S.E.2d 854, 860 (2017) (while an appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review, "the action must be one which will truly evade review" (quoting *Sloan v. Friends of Hunley*, Inc., 369 S.C. 20, 27, 630 S.E.2d 474, 478 (2006))). If in the future another inmate, who is still incarcerated, believes his parole has been unlawfully revoked and the parole board has denied him similar due process rights, that inmate may file a PCR petition, and a court will have the opportunity to rule on the issues at that time. *See Seabrook v. City of Folly Beach*, 337 S.C. 304, 307, 523 S.E.2d 462, 463 (1999) (finding the legality of city-imposed conditions on a residential development moot, and although the scenario was capable of repetition, it did not evade review); *Sloan*, 369 S.C. at 27, 630 S.E.2d at 478 (although the situation was capable of repetition, it did not evade review because under the same or similar circumstances the court would have the opportunity to review the issue).

Nothing in the record indicates Petitioner's parole revocation holds future adverse collateral consequences for him. *Cf. State v. Passmore*, 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct. App. 2005) (finding in addition to Appellant's contempt sentence being too brief to appeal, Appellant's case was not moot because she could experience collateral consequences of the conviction such as having to disclose it on employment or credit applications, or when registering for a driver's license or to vote).

To be sure, the allegations Petitioner raises concerning due process issues related to the hearing and pre-hearing procedures and practices of the parole board (including the treatment of *pro se* inmates) are profoundly troubling. *See Duckson v. State*, 355 S.C. 596, 598–99, 586 S.E.2d 576, 578 (2003) (noting that because parole revocation is an administrative proceeding, there is no Sixth Amendment right to counsel but § 24–21–50 permits representation by counsel, and due process may afford such a right in some cases (citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973))). Nevertheless, the mootness doctrine does not allow us to address these issues in this case. Petitioner's application for PCR is therefore

**DISMISSED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.