### 23516

Linda SALLEY, Petitioner v. STATE of South Carolina, Respondent.
(410 S.E. (2d) 921)

Supreme Court

*Asst. Appellate Defender Robert M. Pachak, S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Miller W. Shealy, Jr.,* Columbia, *for respondent.*

Submitted Oct. 22, 1991; Decided Dec. 2, 1991.

Rehearing Denied Dec. 16, 1991.

HARWELL, Justice:

Petitioner Linda Salley pled guilty to various crimes committed while she was on probation from a previous offense. Her probation was revoked. Petitioner sought post-conviction relief (PCR), alleging, among other things, that she did not knowingly and intelligently waive the right to counsel at her probation revocation hearing. We granted petitioner's application for writ of certiorari to determine whether the PCR judge erred in finding petitioner validly had waived her right to counsel at the probation revocation hearing. We reverse.

## I. FACTS

Petitioner pled guilty to assault and battery with intent to kill and strong-armed robbery in 1977. She was sentenced to fifteen years confinement, suspended on seven years service plus five years probation. She was released on probation in 1985. In 1988 petitioner pled guilty to possession of cocaine, distribution of cocaine, and shoplifting. After petitioner was sentenced, she attended a probation revocation hearing. Petitioner was not represented by counsel at the probation revocation hearing. The hearing judge ordered petitioner's probation revoked.

Petitioner subsequently filed an application for post-conviction relief, alleging, among other things, that she had been denied her constitutional right to an attorney at the probation revocation hearing. The PCR judge found petitioner's allegations to be without merit.

## II. DISCUSSION

Appellant asserts that she did not knowingly and intelligently waive her right to counsel. We agree.

The right to counsel attaches in probation revocation hearings. *Barlet v. State*, 288 S.C. 481, 343 S.E. (2d) 620 (1986). The requirements for waiving right to counsel in a probation revocation hearing are the same requirements as apply when a defendant desires to waive right to counsel in a trial. *Huckaby v. State*, 408 S.E. (2d) 242 (S.C. 1991). The trial judge has the duty to ensure that the defendant makes an intelligent and competent waiver of counsel. *State v. Bateman*, 296 S.C. 367, 373 S.E. (2d) 470 (1988). The trial judge should advise the defendant of his right to counsel, and adequately warn the defendant of the dangers of self-representation. *Prince v. State*, 301 S.C. 422, 392 S.E. (2d) 462 (1990). However, in the absence of a specific inquiry by the trial judge to determine whether the defendant has made his decision to proceed *pro se* "with eyes open," *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. (2d) 562 (1975), this Court will look to the record to discern whether there are facts to show the defendant had sufficient background or was apprised of his rights by some other source so as to constitute a knowing and intelligent waiver of the right to counsel. *Wroten v. State*, 301 S. C. 293, 391 S.E. (2d) 575 (1990).

The record reveals the extent of the hearing judge's inquiry regarding petitioner's decision to waive her right to counsel at the probation revocation hearing:

THE COURT: You understand you have a right to a lawyer. Do you want to waive that right and go forward on this case?
THE PROBATIONER: Yes.

Because the hearing judge posed no specific questions to determine whether petitioner was aware of the dangers of self-representation, we have reviewed the record to ascertain

whether petitioner had sufficient background or was apprised of her rights by some other source so as to be aware of the dangers of self-representation. Petitioner testified that the only reason she did not have an attorney at the probation revocation hearing was because her probation officer said he would try to get her probation vacated. However, the probation officer merely recited to the hearing judge the convictions that led to petitioner's appearance at the probation revocation hearing. Thus, it appears petitioner waived her right to counsel in reliance on her probation officer's representations, and not because she desired to proceed *pro se.*

We find that petitioner was neither informed of the dangers of self-representation nor desired to proceed without counsel. Therefore, she did not knowingly and intelligently waive her right to counsel.

We will not uphold a PCR judge's findings if there is no evidence of probative value in the record to support those findings. *High v. State,* 300 S.C. 88, 386 S.E. (2d) 463 (1989). We reverse the judgment of the PCR judge and remand for a new probation revocation hearing.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.