THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Derrick Ford,       
Appellant.
 
 
 

Appeal From Sumter County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2003-UP-578
Submitted July 15, 2003  Filed October 
 2, 2003   

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant
Deputy Director for Legal Services Teresa A. Knox, Legal Counsel 
 Tommy Evans, Jr. and Legal Counsel J. Benjamin Aplin, all of Columbia,  for 
 Respondent.
 
 
 

PER CURIAM:  Derrick Ford appeals the revocation 
 of his probation.  Appearing pro se at the hearing, Ford waived 
 his right to counsel on the record and signed a written waiver.  The trial judge 
 revoked ten years, the balance of Fords remaining sentence, and terminated 
 his probation.  Ford argues the revocation should be vacated because 
 he was not apprised of and did not understand the dangers of self-representation.  
 We affirm.
FACTS
On August 26, 1996, a Sumter County 
 grand jury indicted Ford for armed robbery, possession of a weapon during the 
 commission of a violent crime, and criminal conspiracy.  On July 24, 1997, a 
 jury convicted Ford of strong arm robbery and conspiracy.  The jury acquitted 
 Ford of the weapon charge.  The trial judge sentenced Ford to fifteen years 
 imprisonment suspended upon the service of five years and five years probation 
 for the robbery charge.  On the conspiracy charge, the judge sentenced Ford 
 to five years imprisonment.   The sentences were to be served concurrently.
On November 1, 2001, Fords probation agent 
 served him with a warrant and an affidavit that alleged Ford violated several 
 conditions of his probation.  The affidavit stated Ford:  (1) failed to refrain 
 from possessing a firearm while on probation; (2) failed to refrain from violating 
 the law by participating in an armed robbery; (3) failed to pay court-ordered 
 fees; and (4) failed to pay a court-ordered fine.  At the time the agent served 
 the warrant and affidavit, the agent verbally advised Ford that he had the right 
 to an attorney to represent him at the hearing.  He was also informed 
 that if he could not afford an attorney the State would appoint one to represent 
 him.
On December 7, 2001, Ford was provided 
 written notification of his hearing date scheduled for January 18, 2002.  
 The notification informed Ford that he had a right to have an attorney represent 
 him at the hearing.  Ford acknowledged that he received this notification.
On January 18, 2002, Ford appeared pro 
 se at the revocation hearing.  During the hearing, the judge advised 
 Ford that he had a right to have an attorney represent him.  The judge told 
 Ford that if he could not afford an attorney the court would appoint one. 
 Ford responded that he wanted to waive this right.  Ford then signed a written 
 waiver of his right to have appointed counsel.  The judge found Ford 
 had freely and voluntarily waived his right to counsel.
 The probation agent presented a factual 
 basis for the alleged probation violations. The agent also gave the judge 
 a list of Fords prior convictions.  In reply, Ford acknowledged he possessed 
 a weapon while on probation, but claimed it was for his protection.  He 
 also disputed some of the facts.
After hearing arguments, the judge again 
 found that Ford waived his right to counsel.  The judge then revoked Fords 
 probation finding Ford willfully violated the conditions of his probation.  
 He sentenced Ford to ten years imprisonment, the balance of Fords remaining 
 sentence, and terminated his probation.  Ford appeals.   
DISCUSSION
 Ford argues the revocation of his suspended sentence 
 should be vacated.  He contends the judge erred in failing to inform him of 
 the dangers of self-representation.  He asserts this instruction was essential 
 because he did not have the sufficient background to understand the dangers 
 of self-representation.  
The right to counsel attaches in probation 
 revocation hearings.  Salley v. State, 306 S.C. 213, 215, 410 S.E.2d 
 921, 922 (1991).  The requirements for waiving right to counsel in a probation 
 revocation hearing are the same requirements as apply when a defendant desires 
 to waive right to counsel in a trial.  Id.
In Faretta v. California, 422 
 U.S. 806 (1975), the United States Supreme Court held that in order to waive 
 the right to counsel, the accused must:  (1) be advised of his right to counsel; 
 and (2) adequately warned of the dangers of self-representation.  Gardner 
 v. State, 351 S.C. 407, 411, 570 S.E.2d 184, 186 (2002) (citing Faretta 
 v. California, 422 U.S. 806 (1975)).  It is the trial judges responsibility 
 to determine whether there is a competent, intelligent waiver by the defendant.  
 Watts v. State, 347 S.C. 399, 402, 556 S.E.2d 368, 370 (2001).  In the 
 absence of a specific inquiry by the trial judge addressing the disadvantages 
 of a pro se defense as required by the second Faretta prong, this 
 Court will look to the record to determine whether petitioner had sufficient 
 background or was apprised of his rights by some other source.  Prince v. 
 State, 301 S.C. 422, 424, 392 S.E.2d 462, 463 (1990).  The ultimate test 
 of whether a defendant has made a knowing and intelligent waiver of the right 
 to counsel is not the trial judges advice, but the defendants understanding.  
 State v. Brewer, 328 S.C. 117, 119, 492 S.E.2d 97, 98 (1997).       
 In order to determine whether an accused had 
 a sufficient background to understand the dangers of self-representation, appellate 
 courts consider the following factors:

(1) the accuseds age, educational background, and physical 
 and mental health; (2) whether the accused was previously involved in criminal 
 trials; (3) whether he knew of the nature of the charge and of the possible 
 penalties; (4) whether he was represented by counsel before trial or whether 
 an attorney indicated to him the difficulty of self-representation in his particular 
 case; (5) whether he was attempting to delay or manipulate the proceedings; 
 (6) whether the court appointed stand-by counsel; (7) whether the accused knew 
 he would be required to comply with the rules of procedure at trial; (8) whether 
 he knew of legal challenges he could raise in defense to the charges against 
 him; (9) whether the exchange between the accused and the court consisted merely 
 of pro forma answers to pro forma questions; and (10) whether 
 the accuseds waiver resulted from either coercion or mistreatment.   

State v. Cash, 309 S.C. 40, 43, 419 S.E.2d 
 811, 813 (Ct. App. 1992) (citations omitted).
Here, Ford was apprised several times 
 of his right to counsel.  On two separate occasions, Fords probation agent 
 informed him that he had a right to have an attorney represent him at the revocation 
 hearing.  At the hearing, the judge also asked Ford whether he wanted to waive 
 his right to counsel.  Ford waived his right to counsel both orally and in writing.  

The judge, however, did not inquire 
 whether Ford was aware of and understood the dangers of self-representation.  
 As such, we must look at the record to determine whether Ford had sufficient 
 background to intelligently waive his right to counsel.  Based on our review 
 of the record and application of the requisite Cash factors, we find 
 Ford made a valid waiver of his right to counsel.
At the time of the hearing, Ford was 
 twenty-five years old.  He has an extensive criminal record dating from August 
 1993.  The record included convictions for assault and battery with intent to 
 kill, three counts of failure to stop for a blue light, as well as strong arm 
 robbery and conspiracy, the charges that were the basis for his probation.  When 
 questioned by the judge, Ford acknowledged he understood the alleged probation 
 violations, his right to present evidence, and his right to appeal within ten 
 days of the decision.  In light of the original sentencing order and 
 the time that Ford served, it would also appear that he was aware of the time 
 remaining on the unserved portion of his sentence. Although Ford was represented 
 by counsel at his trial for the strong arm robbery and conspiracy, there is 
 no indication in the record that counsel made Ford aware of the dangers of self-representation.  
 There is no evidence that Ford was attempting to delay or manipulate the proceedings 
 given he appeared on the scheduled date and made no motion for a continuance.  
 The judge did not appoint a stand-by attorney.  Even though there was no direct 
 discussion during the hearing concerning Fords compliance with procedural rules, 
 Ford indicated that he understood he could present evidence and was required 
 to appeal the decision within ten days.  Ford also appeared to be aware of legal 
 challenges to his alleged probation violations because he disputed a portion 
 of the factual basis for the allegations.  Given the discussion between Ford 
 and the judge regarding the violations and his understanding of the proceeding, 
 we would not characterize it as an exchange consisting of pro forma 
 answers to pro forma questions.  Finally, there is no evidence 
 that Fords decision to waive his right to counsel was the result of either 
 coercion or mistreatment.
 Accordingly, the circuit courts decision revoking Fords probation 
 is
 AFFIRMED.
HEARN, C.J., CONNOR and ANDERSON, JJ., concur.