680 S.E.2d 11

**The STATE, Respondent,**

**v.**

**Jennifer BRYANT, Appellant.**

**No. 4539.**

Court of Appeals of South Carolina.

Heard Feb. 18, 2009.

Decided May 5, 2009.

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

John Benjamin Aplin, of Columbia, for Respondent.

LOCKEMY, J.:

Jennifer Bryant appeals the trial court's revocation of her probation based on her failure to pay restitution. Bryant alleges the trial court erred in: (1) failing to obtain a valid waiver of her right to counsel at the probation revocation hearing and (2) failing to find Bryant willfully failed to pay restitution. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

An Orangeburg County grand jury indicted Bryant for passing stolen lottery tickets, and Bryant pled guilty to the charges. The trial court sentenced her to five years of probation and ordered her to pay $11,822.51 in restitution and $643.75 in fines. The trial court ordered Bryant to pay $500 on the day of the sentence, $2,500 in six months, and make monthly payments afterwards as set by probation. Bryant failed to pay any of the restitution by the original due date, and a trial judge restructured the restitution payment plan. Bryant made sporadic payments towards her fines and restitution for the next year and a half, but made no payments thereafter.

Subsequently, the Department of Probation, Parole and Pardon Services issued a probation violation citation and served Bryant with a "Notice of Probation Violating Hearing and Acknowledgment of Notice" (Probation Notice). At the probation hearing, Bryant was not represented by counsel. The probation court proceeded with the hearing, inquiring into Bryant's failure to pay restitution. Bryant testified she was employed at two different jobs. In her first job, she was placed in the Restitution Center and worked at McDonald's for six months, enabling her to pay $300 towards restitution. At her second job, she worked at Dawn Pet Care but stopped working there and was not able to make the restitution payments since.

Ultimately, the probation court found Bryant waived her right to counsel and revoked two years of her probationary sentence. Specifically, the probation court stated:

Ms. Bryant, I don't think you take probation very seriously. The court is going to revoke two years of her sentence, continue her on probation—toll probation while incarcerated, and we'll continue probation after her release from incarceration. You've got to learn that you're either going to do the time or you're going to pay the money.

This appeal followed.

## ISSUES ON APPEAL

A. Did the probation court fail to obtain a valid waiver of the right to counsel from Bryant during the probation revocation hearing?

B. Did the probation court err in failing to find Bryant willfully failed to pay restitution?

## LAW/ANALYSIS

A. Waiver of the Right to Counsel

 "The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before [s]he can be validly convicted and punished by imprisonment." *State v. Thompson*, 355 S.C. 255, 261, 584 S.E.2d 131, 134 (Ct.App.2003) (citing *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). "The right to counsel attaches in probation revocation hearings." *Salley v. State*, 306 S.C. 213, 215, 410 S.E.2d 921, 922 (1991). The erroneous deprivation of this right constitutes per se reversible error. *Thompson*, 355 S.C. at 261, 584 S.E.2d at 134.

 One can waive her right to counsel. It is the trial court's responsibility to determine whether there was a knowing and intelligent waiver by the accused. *Id.* at 261–62, 584 S.E.2d at 134–35. To effectuate a valid waiver, the accused must (1) be advised of the right to counsel and (2) be adequately warned of the dangers of self-representation. *State v. McLauren*, 349 S.C. 488, 493–94, 563 S.E.2d 346, 348–49 (Ct.App.2002). In *Faretta*, the United States Supreme Court requires a defendant to be "made aware of the dangers and disadvantages of self-representation, so that the record will

establish that he knows what [s]he is doing and h[er] choice is made with eyes open." 422 U.S. at 835, 95 S.Ct. 2525 (internal citation omitted). A specific inquiry by the trial court expressly addressing the disadvantages of appearing pro se is preferred. *Thompson*, 355 S.C. at 262–63, 584 S.E.2d at 135. However, when the trial court fails to expressly make this inquiry, this court will examine the record to determine whether the accused had sufficient background or was apprised of her rights by some other source. *McLauren*, 349 S.C. at 494, 563 S.E.2d at 349.

■ This court can consider the following ten factors to determine if an accused has the sufficient background to understand the dangers of self-representation:

(1) the accused's age, educational background, and physical and mental health;

(2) whether the accused was previously involved in criminal trials;

(3) whether [s]he knew of the nature of the charge and of the possible penalties;

(4) whether [s]he was represented by counsel before trial or whether an attorney indicated to h[er] the difficulty of self-representation in h[er] particular case;

(5) whether [s]he was attempting to delay or manipulate the proceedings;

(6) whether the court appointed stand-by counsel;

(7) whether the accused knew [s]he would be required to comply with the rules of procedure at trial;

(8) whether [s]he knew of legal challenges [s]he could raise in defense to the charges against h[er];

(9) whether the exchange between the accused and the court consisted merely of pro forma answers to pro forma questions; and

(10) whether the accused's waiver resulted from either coercion or mistreatment.

*Id.* When looking at the entire record and considering these ten factors, we believe Bryant had sufficient background or was apprised of her rights by some other source.

■ In its final ruling, the probation court found Bryant waived her right to counsel. Specifically, the probation court

stated Bryant "underst[ood] the nature of these proceedings, [and] she[ ] freely and voluntarily waived her right to counsel." In determining whether Bryant validly waived her right, we first note the exchange between the probation court and the probationer during the probation hearing. There, the probation court noted Bryant was not represented by counsel, and engaged in the following colloquy with Bryant:

Q: Do you understand that you have a right to have a lawyer represent you in connection with these proceedings?

A: Yes, sir.

Q: Do you wish for the court to inquire as to whether you would be entitled to a court appointed lawyer or do you wish to go forward today?

A: I want to go forward.

Q: Okay. Do you understand that an attorney may be of benefit to you, for example, there may be things I need to be told that you do not know to tell me, and that if you talk with a lawyer you and the lawyer would learn these things, do you understand that?

A: Yes, sir.

Q: Understanding that, do you still wish to waive your right to counsel and go forward?

A: Yes, sir.

Q: Alright. At anytime before I make a determination in this matter, if you desire to talk to a lawyer all you have to do is tell me and I'll stand aside and give you a chance to talk to a lawyer, do you understand?

A: Yes, sir.

The probation court's colloquy adequately informed Bryant of her right to counsel and informed Bryant of the benefits of retaining counsel. Further, the probation court indicated Bryant could invoke her Sixth Amendment right at any point prior to a final ruling. However, the probation court did not expressly address the dangers and disadvantages of appearing pro se as required by *Faretta v. California*, 422 U.S. at 835, 95 S.Ct. 2525.

However, prior to her hearing, Bryant signed a Probation Notice with her probation officer. The Probation Notice stated, in pertinent part:

You may have an attorney represent you at the hearing. If you cannot afford any attorney and you desire the representation of the Orangeburg County Public Defender, you must apply for an appointed attorney with that office. If you choose to appear at the hearing without an attorney, you may be required to represent yourself. *You are hereby advised that there are dangers and disadvantages to self representation. An attorney may better understand courtroom procedure and may be better able to think of and present defenses to your probation violations.* By appearing without an attorney you are acknowledging these dangers but are knowingly and voluntarily choosing to proceed without counsel. . . . This directive has been read to me and I have been provided with a copy. I was also given an opportunity to ask questions about this directive before it was signed.

*(emphasis added)*

Furthermore, this was Bryant's third appearance before the probation court for violations. Bryant first appeared before the probation court for failing to follow the advice and instructions of her supervising agent, failing to make payments, and falling in arrears. As a result, the probation court extended Bryant's time to pay and placed her on the restitution center waiting list, which she later entered. Bryant appeared before the probation court a second time for the same violations and there, the probation court reduced her payments and ordered her to pay restitution within thirty days. Additionally, we note Bryant had previously been represented by counsel for her charges.

Based on Bryant's previous experience in the criminal justice system, her previous representation by counsel, the signed Probation Notice, and the probation court's colloquy with her, we believe Bryant had both a sufficient background and was apprised of her rights by some other source. Accordingly, we recommend affirming the probation court's finding that Bryant validly waived her Sixth Amendment right to counsel.

### B. Finding of Willfulness

Because we find Bryant validly waived her Sixth Amendment right to counsel, she was required to comply with our preservation requirements. *See State v. Burton,* 356 S.C. 259, 265 n. 5, 589 S.E.2d 6, 9 n. 5 (2003) ("A pro se litigant who knowingly elects to represent h[er]self assumes full responsibility for complying with substantive and procedural requirements of the law."). Here, Bryant did not argue she did not willfully fail to pay. Because Bryant failed to raise this issue to the probation court, it is not preserved for our review. An issue must be raised and ruled upon in the circuit court in order to be preserved for appellate review. *State v. George,* 323 S.C. 496, 510, 476 S.E.2d 903, 912 (1996) (stating an issue must be raised and ruled upon in the trial court in order to be preserved for appellate review); *State v. Hamilton,* 333 S.C. 642, 648, 511 S.E.2d 94, 96–97 (Ct.App.1999) (stating the failure to raise the issue of willfulness at a probation revocation hearing can waive the right to appeal). The probation court's revocation is therefore

**AFFIRMED.**

HUFF and THOMAS, JJ., concur.