THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Khalid Robert Westmoreland, Appellant.
 
 
 
 
 

Appeal From Laurens County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2010-UP-205
 Submitted February 2, 2010  Filed March
12, 2010    

AFFIRMED

 
 
 
 J. Falkner Wilkes and Richard Harold Warder, both of Greenville,
 for Appellant.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General
 John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General A. West Lee, all of Columbia, and Solicitor Jerry W. Peace, of
 Greenwood, for Respondent.
 
 
 

PER CURIAM:  Khalid Westmoreland appeals his
 convictions for trafficking in cocaine base (crack), possession of cocaine,
 possession of marijuana with intent to distribute, and possession of a firearm
 during the commission of a violent crime.  He alleges the trial court erred in
 allowing evidence of a prior marijuana sale because it was both unduly
 prejudicial, as well as because the State failed to disclose its intent to
 introduce such evidence until the second day of trial.  Westmoreland also
 argues the trial court erred in failing to grant his motion for acquittal.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to whether the
 trial court erred in allowing the evidence because it was unduly prejudicial: Rule 404(b), SCRE ("[O]ther crimes, wrongs, or
 acts [are] not admissible to prove the character of a person in order to show
 action in conformity therewith.  It may, however, be admissible to show motive,
 identity, the existence of a common scheme or plan, the absence of mistake or
 accident, or intent."); State v. Gillian, 373 S.C. 601, 609, 646
 S.E.2d 872, 876 (2007) (finding the determination of prejudicial effect will
 vary from case to case and must be based on the entire record); State v. Wilson, 345 S.C. 1, 7, 545
 S.E.2d 827, 830 (2001) (stating the courts of South Carolina have repeatedly
 "held that evidence of a prior drug transaction is relevant on the issue
 of intent when the defendant has been charged with possession of a controlled
 substance with intent to distribute").  
2. As to whether the
 trial court erred in allowing the evidence of the prior sale because the State
 failed to indicate its intention to do so until the second day of trial: State v. Bryant,
 383 S.C. 410, 418, 680 S.E.2d 11, 15 (Ct. App. 2009) (indicating in order to
 preserve an objection for appellate review, it must be raised to and ruled upon
 by the trial court).  
3. As to whether the trial court
 erred in failing to grant a motion for an acquittal: State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) (stating that when ruling on a
 motion for a directed verdict, the trial court is concerned only with the existence
 or non-existence of evidence); State v. McHoney, 344 S.C. 85, 97, 544
 S.E.2d 30, 36 (2001) (stating the appellate court reviews the evidence in the
 light most favorable to the State and if the State presents any direct or
 substantial circumstantial evidence of guilt, an appellate court must hold the
 issue was properly submitted to the jury); Rule 208(b)(1)(B), SCACR (indicating
 that generally speaking an appellate court will not address issues that are not
 set forth in the statement of the issues section of the appellant's brief).
AFFIRMED.
HUFF, THOMAS, and KONDUROS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.