THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Town of
 Prosperity, Respondent,
 
 
 

v.

 
 
 
 Daniel L. Hare, Appellant.
 
 
 

Appeal From Newberry County
C. Tolbert Goolsby, Circuit Court Judge

Unpublished Opinion No. 2011-UP-299  
 Submitted June 1, 2011  Filed June 14,
2011

AFFIRMED

 
 
 
 Daniel L. Hare, pro se, of Prosperity, for
 Appellant.
 Henry P. Bufkin and Timothy D. Savidge,
 both of Prosperity, for Respondent.
 
 
 

PER CURIAM: Daniel
 L. Hare appeals his conviction for failure to leave the premises when ordered
 to do so by a police officer.  He first argues the municipal court erroneously
 instructed the jury, failed to record the trial, failed to file a return with
 the circuit court, and failed to attend the circuit court appeal.  Second, Hare
 claims the municipal court denied him equal protection in enforcing an arrest
 with a racial pretext.  And third, Hare maintains the municipal court denied
 him (a) procedural due process in failing to provide him notice of the denial
 of his motion for a new trial and (b) effective assistance of counsel where his
 trial counsel told him he did not have a statutory right to appeal and failed
 to inform him of the municipal court's denial of his motion for a new trial.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1. As to whether the
 municipal court erroneously instructed the jury, failed to record the trial,
 failed to file a return, and failed to appear at his circuit court appeal: State
 v. Bryant, 383 S.C. 410, 418, 680 S.E.2d 11, 15 (Ct.
 App. 2009) ("An issue must be raised and
 ruled upon in the [trial] court in order to be preserved for appellate review."); State v. Johnson, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("To preserve an issue for review there must be a
 contemporaneous objection that is ruled upon by the trial court." (citation omitted)).
2.  As to
 whether the municipal court denied Hare equal protection: Bryant, 383 S.C. at 418, 680
 S.E.2d at 15 ("An issue must be raised
 and ruled upon in the [trial] court in order to be preserved for appellate
 review."); City of Rock Hill v. Suchenski, 374 S.C. 12, 16, 646
 S.E.2d 879, 880 (2007) (holding the South Carolina Supreme Court could not
 review an issue from a decision by the circuit court sitting in appellate
 capacity where the circuit court did not rule on the issue and the appellant
 failed to file a Rule 59(e) motion regarding the issue).
3.  As to
 whether the municipal court denied Hare procedural due process and effective
 assistance of counsel: State v. Colden, 372 S.C. 428, 436, 641 S.E.2d
 912, 917 (Ct. App. 2007) (providing that
 for an alleged "error to warrant reversal, the
 error must result in prejudice to the appellant" (citation and internal quotation marks omitted)).
AFFIRMED.
HUFF,
 WILLIAMS, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.