**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Garron Norris, Appellant.

Appellate Case No. 2010-168508

_____

Appeal From Cherokee County
Roger L. Couch, Circuit Court Judge

_____

Unpublished Opinion No. 2012-UP-597
Submitted October 1, 2012 – Filed October 31, 2012

_____

**AFFIRMED**

_____

Appellate Defender Elizabeth Anne Franklin-Best, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Barry Barnette, of Spartanburg, for Respondent.

_____

**PER CURIAM:** Norris appeals his conviction of second-degree criminal sexual conduct. He contends the trial court erred in (1) denying him his right to a speedy trial and (2) allowing him to proceed *pro se* without adequately inquiring into his reasons for proceeding *pro se*. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Norris his right to a speedy trial: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (providing that in order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court).

2. As to whether the trial court erred in allowing Norris to proceed *pro se,* we find a valid waiver of the right to counsel: *Faretta v. California*, 422 U.S. 806, 807 (1975) ("The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment."); *State v. Bryant*, 383 S.C. 410, 414, 680 S.E.2d 11, 13 (Ct. App. 2009) ("It is the trial court's responsibility to determine whether there was a knowing and intelligent waiver by the accused."); *id.* ("To effectuate a valid waiver, the accused must (1) be advised of the right to counsel and (2) be adequately warned of the dangers of self-representation."); *State v. Thompson*, 355 S.C. 255, 262, 584 S.E.2d 131, 134 (Ct. App. 2003) ("A defendant may surrender his right to counsel through (1) waiver by affirmative, verbal request; (2) waiver by conduct; and (3) forfeiture."); *id.* at 262, 584 S.E.2d at 135 ("If the trial [court] fails to address the disadvantages of appearing *pro se*, as required by the second prong of *Faretta*, this [c]ourt will look to the record to determine whether petitioner had sufficient background or was apprised of his rights by some other source." (internal quotation marks omitted)); *Faretta,* 422 U.S. at 835 ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open."); *Wroten v. State*, 301 S.C. 293, 294, 391 S.E.2d 575, 576 (1990) ("While a specific inquiry by the trial [court] expressly addressing the disadvantages of a *pro se* defense is preferred, the ultimate test is not the trial [courts] advice but rather the defendant's understanding."); *Watts v. State*, 347 S.C. 399, 402, 556 S.E.2d 368, 370 (2001)

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

(providing if the trial court fails to explicitly address the disadvantages of appearing *pro se*, the court may look to the record to determine whether petitioner had sufficient background to understand the dangers of self representation or was apprised of his rights by some other source); *State v. Cash*, 309 S.C. 40, 43, 419 S.E.2d 811, 813 (Ct. App. 1992) ("Factors the courts have considered in determining if an accused had sufficient background to understand the disadvantages of self-representation include: (1) the accused's age, educational background, and physical and mental health; (2) whether the accused was previously involved in criminal trials; (3) whether he knew of the nature of the charge and of the possible penalties; (4) whether he was represented by counsel before trial or whether an attorney indicated to him the difficult of self-representation in his particular case; (5) whether he was attempting to delay or manipulate the proceedings; (6) whether the court appointed stand-by counsel; (7) whether the accused knew he would be required to comply with the rules of procedure at trial; (8) whether he knew of legal challenges he could raise in defense to the charges against him; (9) whether the exchange between the accused and the court consisted merely of *pro forma* answers to *pro forma* questions; and (10) whether the accused's waiver resulted from either coercion or mistreatment.").

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**