**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Larry Gene Parris, Appellant.

Appellate Case No. 2013-002732

---

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-425
Submitted April 1, 2015 – Filed August 19, 2015

---

**AFFIRMED**

---

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Matthew C. Buchanan, of South Carolina Department of Probation, Parole & Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Faretta v. California*, 422 U.S. 806, 807 (1975) ("The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to

trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment."); *State v. Bryant*, 383 S.C. 410, 414, 680 S.E.2d 11, 13 (Ct. App. 2009) ("The erroneous deprivation of [the right to counsel] constitutes per se reversible error."); *Salley v. State*, 306 S.C. 213, 215, 410 S.E.2d 921, 922 (1991) ("The right to counsel attaches in probation revocation hearings."); *id.* ("The requirements for waiving right to counsel in a probation revocation hearing are the same requirements as apply when a defendant desires to waive right to counsel in a trial."); *Bryant*, 383 S.C. at 414, 680 S.E.2d at 13 ("To effectuate a valid waiver, the accused must (1) be advised of the right to counsel and (2) be adequately warned of the dangers of self-representation."); *Salley*, 306 S.C. at 215, 410 S.E.2d at 922 ("[I]n the absence of a specific inquiry by the [circuit court] to determine whether the defendant has made his decision to proceed *pro se* with eyes open, this [c]ourt will look to the record to discern whether there are facts to show the defendant had sufficient background or was apprised of his rights by some other source so as to constitute a knowing and intelligent waiver of the right to counsel." (citation and internal quotation marks omitted)); *Bryant*, 383 S.C. at 415, 680 S.E.2d at 13-14 ("This court can consider the following ten factors to determine if an accused has the sufficient background to understand the dangers of self-representation: (1) the accused's age, educational background, and physical and mental health; (2) whether the accused was previously involved in criminal trials; (3) whether [the accused] knew of the nature of the charge and of the possible penalties; (4) whether [the accused] was represented by counsel before trial or whether an attorney indicated to [the accused] the difficulty of self-representation in [the accused's] particular case; (5) whether [the accused] was attempting to delay or manipulate the proceedings; (6) whether the court appointed stand-by counsel; (7) whether the accused knew [he] would be required to comply with the rules of procedure at trial; (8) whether [the accused] knew of legal challenges [he] could raise in defense to the charges against [him]; (9) whether the exchange between the accused and the court consisted merely of pro forma answers to pro forma questions; and (10) whether the accused's waiver resulted from either coercion or mistreatment.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.