**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Marquis Dellan Evans, Appellant.

Appellate Case No. 2016-000307

———————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-445
Submitted October 1, 2017 – Filed November 29, 2017

———————

**AFFIRMED**

———————

Appellate Defender Lara Mary Caudy, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia; and Solicitor Kevin Scott Brackett, of
York, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Barnes*, 407 S.C. 27, 35, 753 S.E.2d 545, 550 (2014) ("A South Carolina criminal defendant has the constitutional right to represent himself

under both the federal and state constitutions."); *State v. Reed*, 332 S.C. 35, 41, 503 S.E.2d 747, 750 (1998) (providing an accused may exercise this right by "waiv[ing] the right to counsel and proceed[ing] pro se" (italics omitted)); *Faretta v. California*, 422 U.S. 806, 835 (1975) (explaining the requirement that a criminal defendant must be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'" (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)); *Prince v. State*, 301 S.C. 422, 423-24, 392 S.E.2d 462, 463 (1990) ("To establish a valid waiver of counsel, *Faretta* requires the accused be: (1) advised of his right to counsel, and (2) adequately warned of the dangers of self-representation."); *State v. Cash*, 309 S.C. 40, 42, 419 S.E.2d 811, 813 (Ct. App. 1992) ("Although a specific inquiry by the [trial court] expressly addressing the disadvantages of a pro se defense is preferred, the ultimate test is not the trial [court's] advice but the accused's understanding." (italics omitted)); *State v. Bryant*, 383 S.C. 410, 415, 680 S.E.2d 11, 13 (Ct. App. 2009) ("[W]hen the trial court fails to expressly make this inquiry, this court will examine the record to determine whether the accused had sufficient background or was apprised of [his] rights by some other source.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.