**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Chavis Aikman, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-002295

———————

Appeal From Berkeley County
W. Jeffrey Young, Revocation Judge
Michael G. Nettles, Post-Conviction Relief Judge

———————

Unpublished Opinion No. 2021-UP-096
Submitted January 1, 2021 – Filed March 24, 2021

———————

**REVERSED AND REMANDED**

———————

Appellate Defender Joanna Katherine Delany, of
Columbia, for Petitioner.

Assistant Attorney General Benjamin Hunter Limbaugh,
of Columbia, for Respondent.

———————

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his
application for post-conviction relief (PCR). Because there is sufficient evidence
to support the PCR judge's finding that Petitioner did not knowingly and
intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's

Question One and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On direct appeal, Petitioner argues the trial court erred in (1) denying his request for counsel at the probation revocation hearing and (2) revoking his probation without sufficient evidentiary support. On October 31, 2014, Petitioner appeared in court for a probation revocation hearing. Petitioner requested counsel several times during the hearing, but the court denied Petitioner's requests and proceeded with the hearing. At the end of the hearing, the court revoked Petitioner's probation in full. Because the trial court denied Petitioner the right to counsel despite his repeated requests for counsel at the hearing, we reverse the trial court's revocation of Petitioner's probation and remand for a new probation revocation hearing pursuant to Rule 220(b), SCACR, and the following authorities: *Salley v. State*, 306 S.C. 213, 215, 410 S.E.2d 921, 922 (1991) ("The right to counsel attaches in probation revocation hearings."); *Turner v. State*, 384 S.C. 451, 454, 682 S.E.2d 792, 793 (2009) ("However, a probationer does not have a Sixth Amendment right to counsel."); *id.* ("Rather, the right to counsel may arise pursuant to the Due Process Clause under the Fifth and Fourteenth Amendments."); *id.* ("In South Carolina . . . all persons charged with probation violations have a right to counsel and must be informed of this right pursuant to court rules and case law."); Rule 602(a), SCACR (stating "every person charged with the violation of a probationary sentence shall be taken as soon as practicable before the Clerk of the Court of General Sessions in the county where the charges are preferred . . . for the purpose of securing to the accused the right to counsel"); *Salley*, 306 S.C. at 215, 410 S.E.2d at 922 (stating an individual may waive his or her right to counsel; however, the trial court "has the duty to ensure that [an individual] makes an intelligent and competent waiver of counsel"); *id.* ("The trial [court] should advise the defendant of his right to counsel, and adequately warn the defendant of the dangers of self-representation."); *id.* (stating an appellate court "will look to the record to discern whether there are facts to show the defendant had sufficient background or was apprised of his rights by some other source so as to constitute a knowing and intelligent waiver of the right to counsel"); *State v. Bryant*, 383 S.C. 410, 415, 680 S.E.2d 11, 13-14 (Ct. App. 2009) (noting an appellate court can consider several factors when determining whether an individual has a sufficient background to understand the dangers of proceeding pro se, including the accused's background, previous involvement in criminal trials, previous representation by counsel before trial, the appointment of standby counsel, and whether the waiver resulted from coercion); *Salley*, 306 S.C. at 216, 410 S.E.2d at 922 (concluding the probationer did not knowingly and intelligently waive her right to counsel because she was not informed of the dangers of self-

representation and she did not want to proceed without counsel).  Accordingly, we reverse the revocation of Petitioner's probation and remand for a new revocation hearing.[1]

**REVERSED AND REMANDED.[2]**

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] Because we reverse the trial court's revocation of Petitioner's probation based on the denial of the right to counsel, we need not address Petitioner's remaining direct appeal issue.  *See Futch v. McAllister*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating appellate courts need not address remaining issues when disposition of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.