**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shanekia Renee Garvin, Appellant.

Appellate Case No. 2023-001452

———————

Appeal From Orangeburg County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-033
Submitted November 1, 2024 – Filed January 29, 2025

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Matthew C. Buchanan and Octavia Yvonne Wright, both of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:** Shanekia Renee Garvin appeals the revocation of her probation. On appeal, she argues the probation court failed to (1) determine she had been advised of her right to counsel, (2) verify she was warned of the dangers and disadvantages of self-representation, and (3) confirm she validly waived her right

to counsel before she appeared at her probation hearing pro se.  We affirm pursuant to Rule 220(b), SCACR.

We hold the probation court did not err in revoking Garvin's probation because she knowingly and voluntarily waived her right to counsel with the knowledge of her right to counsel and the dangers of self-representation.  *See State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 490 (2018) ("Whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel is a mixed question of law and fact which appellate courts review de novo."); *id.* ("Specifically, we review a circuit judge's findings of historical fact for clear error; however, we review the denial of the right of self-representation based upon those findings of fact de novo."); *id.* (finding an appellate court "must consider the defendant's testimony, history, and the circumstances of his decision, as presented to the circuit judge at the time the defendant made his request"); *State v. Thompson*, 355 S.C. 255, 261, 584 S.E.2d 131, 134 (Ct. App. 2003) ("The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." (quoting *Faretta v. California*, 422 U.S. 806, 807 (1975))); *Salley v. State*, 306 S.C. 213, 215, 410 S.E.2d 921, 922 (1991) ("The right to counsel attaches in probation revocation hearings.").  We find Garvin was sufficiently informed of her right to counsel because she signed a notice of her probation hearing less than three months before the hearing and the probation court confirmed she signed the notice that "included [her] right to have an attorney represent [her]."  *See State v. Bryant*, 383 S.C. 410, 414, 680 S.E.2d 11, 13 (Ct. App. 2009) ("It is the trial court's responsibility to determine whether there was a knowing and intelligent waiver [of the right to counsel] by the accused."); *id.* at 416, 680 S.E.2d at 14 (finding the "probation court's colloquy adequately informed Bryant of her right to counsel"); *State v. McLauren*, 349 S.C. 488, 494, 563 S.E.2d 346, 349 (Ct. App. 2002) ("In the absence of a specific inquiry by the trial judge addressing the disadvantages of a pro se defense . . . the appellate court will look to the record to determine whether [the defendant] had sufficient background or was apprised of his rights by some other source.").

Moreover, we hold the notice of hearing and Garvin's prior two appearances before the probation court sufficiently warned her of the dangers and disadvantages of appearing pro se.  *See Thompson*, 355 S.C. at 262-63, 584 S.E.2d at 135 ("While a specific inquiry by the trial judge expressly addressing the disadvantages of a pro se defense is preferred, the ultimate test is not the trial judge's advice but rather the defendant's understanding."); *Bryant*, 383 S.C. at 417, 680 S.E.2d at 14 (finding Bryant was adequately apprised of the dangers and disadvantages of appearing pro

se from the evidence of her signature of the probation notice, her two prior appearances before the probation court, and having been represented by counsel for her other probation violations).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.